TODD A. FREALY (SBN 198780)
taf@lnbyb.com
CARMELA T. PAGAY (SBN 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

(Proposed) Attorneys for Amy L. Goldman
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ROBERT M. GERSTEIN,<br><br>Debtor. | Case No. 1:19-bk-12082-VK<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S OPPOSITION TO WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362; DECLARATION OF TODD A. FREALY IN SUPPORT THEREOF**<br><br>Date: October 23, 2019<br>Time: 9:30 a.m.<br>Place: Courtroom 301<br>    U.S. Bankruptcy Court<br>    21041 Burbank Boulevard<br>    Woodland Hills, California |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2, AND ALL OTHER INTERESTED PARTIES:**

    Amy L. Goldman, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Robert M. Gerstein (the "Debtor"), respectfully submits this opposition to the Motion for Relief

1

from the Automatic Stay Under 11 U.S.C. § 362 (the "Motion") filed by Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2 ("Movant").

## I.

## INTRODUCTION

Movant seeks relief from the automatic stay with regard to the real property located at 25580 Prado de las Bellotas, Calabasas, California (the "Property") by asserting the Debtor has no equity in the Property and because the Property is not necessary to an effective reorganization. However, as acknowledged by Movant in the Motion, Movant's interest is protected by a huge equity cushion of $1,040,930.75, or approximately 30% of the fair market value of the Property.

In addition, the Property had been marketed for sale by the Debtor and the Trustee is in receipt of an offer to purchase the Property for $2,725,000. It is true that the liens which encumber the Property exceed this value, but the Trustee is in negotiations with the Internal Revenue Service ("IRS") (which holds the largest secured lien after the mortgage holders) to achieve a benefit for the allowed claimants of the estate through the pending sale of the Property. Given the gigantic equity cushion which is protecting Movant's interest in the Property, the Motion should be denied so that the Trustee has time to reach a deal with the IRS and proceed with a sale of the Property. Accordingly, the Trustee respectfully requests that the Motion be denied.

## II.

## STATEMENT OF FACTS

This case was commenced by the filing of a Voluntary Petition by the Debtor on August 20, 2019. Amy L. Goldman was thereafter appointed as the chapter 7 trustee for the Debtor's bankruptcy estate.

The Debtor listed the Property on his Schedule A, with an estimated value of $2,725,000.

The Debtor listed several secured liens against the Property on his Schedule D: a mortgage in favor of Movant in the amount of $1,681,301, a second mortgage in favor of Wells Fargo Bank, N.A. in the amount of $528,963.64, a tax lien in favor of the Internal Revenue Service ("IRS") in the amount of $948,768.00, and judgment liens in favor of Greg Himes ($10,338) and The Orantes Law Firm ($51,867).

The Trustee has been informed that the Property is now in escrow, with a proposed sale price of $2,725,000, the Debtor's scheduled value for the Property. Following her appointment, the Trustee and her counsel have been in negotiations with the IRS to obtain a carveout for the estate from its significant lien against the Property so that the Trustee can proceed with the pending sale of the Property. See ¶ 5 to the Declaration of Todd A. Frealy attached hereto.

## III.

## MOVANT HAS FAILED TO DEMONSTRATE

## CAUSE FOR RELIEF FROM THE AUTOMATIC STAY

**A. Movant Has Failed to Establish Cause for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2).**

Movant alleges that the Motion should be granted because "[p]ursuant to § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization." See Motion, p. 4, ¶ 3.b. While this may be true as to the Debtor, the Trustee and the estate still have a realizable interest in the Property. In fact, the Trustee's negotiations with the IRS are intended to achieve a benefit for the allowed claimants of the estate from proceeding with the pending sale of the Property. Accordingly, Movant has failed to satisfy the requirements of 11 U.S.C. § 362(d)(2)(A).

**B. Movant's Purported Interest Is Adequately Protected By A Substantial Equity Cushion.**

While the Trustee proceeds with her negotiations with the IRS, Movant's interest will be adequately protected by a huge equity cushion.

3

Pursuant to In re Mellor, 734 F.2d 1396 (9th Cir. 1984), an equity cushion is determined by examining the total amount of the subject secured creditor's lien (Movant's lien), all senior liens, and the value of the collateral. Id. at 1400-01. Taking the Debtor's scheduled value for the Property (the value relied upon by the Movant in the Motion), which is also the purchase price in the pending sale, and subtracting Movant's estimated secured interest in the Property of $1,684,069, an equity cushion of at least $850,181 exists, as follows:

| | |
|---|---|
| Fair market value | $2,725,000 |
| Movant's claim | $1,684,069 |
| Costs of sale (7%) | $190,750 |
| Equity cushion | $850,181 |

An equity cushion on $850,181 is approximately 31% of the Property's fair market value, which clearly satisfies the adequate protection requirement. In re McGowan, 6 B.R. 241, 243 (Bankr. E.D. Pa 1980) (10% equity cushion was sufficient for adequate protection).

The existence of an equity cushion, standing alone, can provide adequate protection. See In re San Clemente Estates, 5 B.R. 605 (Bankr. S.D. Cal. 1980). In fact, an equity cushion has been held to provide adequate protection, although not a single payment has been made by the debtors against the underlying encumbrance. See In re Curtis, 9 B.R.110 (Bankr. E.D. Pa. 1981). In the instant case, Movant enjoys an equity cushion of 31%! Such equity cushion is significantly higher than the 10-20% equity cushion found not only by the Court in In re McGowan, but also by the Ninth Circuit in In re Mellor, 734 F.2d 1396, 1401 (9th Cir. 1984) to be adequate protection for a secured party's interest. Therefore, Movant's purported interest in the Property is adequately protected at this time and the Motion should be denied to allow the Trustee to conclude her negotiations with the IRS.

///

///

///

///

4

## IV.

## CONCLUSION

For all the foregoing reasons, the Trustee requests that the Motion be denied in its entirety.

DATED: October 9, 2019          LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/ Carmela T. Pagay*
    CARMELA T. PAGAY
    Attorneys for Amy L. Goldman
    Chapter 7 Trustee

## DECLARATION OF TODD A. FREALY

I, Todd A. Frealy, declare as follows:

1. I am an attorney at law, duly-qualified to practice before all courts of the State of California and before the United District Court for the Central District of California. I am a partner with the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") and one of the attorneys responsible for the representation of Amy L. Goldman, the chapter 7 trustee herein (the "Trustee"). I have personal knowledge of the facts stated herein, except where stated upon information and belief, and as to such statements, I believe them to be true.

2. This Declaration is made in support of the foregoing Chapter 7 Trustee's Opposition to Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (the "Opposition"). The following statements are true of my own personal knowledge, except as to those matters which are herein stated upon my information and belief, and as to those matters, I believe them to be true. Unless the context indicates otherwise, capitalized terms herein shall have the meanings as defined in the Opposition.

3. This case was commenced by the filing of a Voluntary Petition by the Debtor on August 20, 2019. Amy L. Goldman was thereafter appointed as the chapter 7 trustee for the Debtor's bankruptcy estate.

4. The Debtor listed the Property on his Schedule A, with an estimated value of $2,725,000. The Debtor also listed several secured liens against the Property on his Schedule D: a mortgage in favor of Movant in the amount of $1,681,301, a second mortgage in favor of Wells Fargo Bank, N.A. in the amount of $528,963.64, a tax lien in favor of the Internal Revenue Service ("IRS") in the amount of $948,768.00, and judgment liens in favor of Greg Himes ($10,338) and The Orantes Law Firm ($51,867).

5. The Trustee is in receipt of an offer to purchase the Property for $2,725,000 and an escrow has been opened. The Trustee and I are in negotiations with the IRS to allow for a sale of the Property with a carve-out for the benefit of allowed claimants. Counsel for the IRS

and I have exchanged proposals and I am waiting for a response from the IRS to the Trustee's latest proposal.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on October 9, 2019, at Los Angeles, California.

*Todd A. Frealy*
TODD A. FREALY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S OPPOSITION TO WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 9, 2019**, I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- John D Faucher    jdf@johndfaucher.com, FaucherECF@gmail.com
- Todd A Frealy    taf@lnbrb.com
- Amy L Goldman (TR)    marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com
- Sabari Mukherjee    notices@becket-lee.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Carmela Pagay    ctp@lnbyb.com
- Edward A Treder    cdcaecf@bdfgroup.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 9, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Victoria S. Kaufman  
USBC – Central District of CA  
21041 Burbank Blvd, Ste 354 /Ctrm 301  
Woodland Hills, CA 91367

Debtor  
Robert M. Gerstein  
25580 Prado de las Bellotas  
Calabasas, CA 91302-3632

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 9, 2019 | Megan Wertz | /s/ Megan Wertz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**